IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DODSON

       Plaintiff,                No. CIV S-04-1068 MCE CMK

   vs.

DOLLAR TREE STORES,
INC., et al.,

       Defendants.

_____/          <u>ORDER</u>

       Plaintiff's motion to compel sanctions against defendant Jason Matecki was heard on April 12, 2005.   Scott Hubbard appeared for plaintiff.  Defendant, who is pro se, did not appear.  At the hearing, the court took the motion under advisement.  In light of defendant's pro-se status, the court, on April 26, 2005, ordered defendant Matecki to show cause within fifteen days why sanctions should not be imposed for his failure to respond to discovery requests and to appear at his deposition.  Defendant was warned that failure to respond to the court's order would result in the imposition of sanctions.  To date, defendant Matecki has failed to respond.

**I.    Background**

       Plaintiff's motion alleges that he has made meet and confer efforts but that defendant Matecki has failed to cooperate in producing documents or appearing for deposition.

Plaintiff does not seek an order compelling discovery from the court, but instead seeks sanctions preventing defendant Matecki from "introducing any documents or things at trial" and from testifying at trial.  Plaintiff also seeks monetary sanctions in the amount of $2,500.00, stating that he spent ten hours at $250 an hour preparing this motion.  Plaintiff also states that "sanctions in the amount of $2,500...is the prevailing practice in the Eastern District for discovery abuse cases and, in support,  cites a decision of Judge Muller in Hubbard v. Twin Oaks, Civ. S-03-0725.

This motion is somewhat unusual in that plaintiff does not seek to compel discovery but instead seeks only sanctions.[1]  Although Rule 37 allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules, even without violation of a court order, the award of sanctions alone will not further discovery in this case.   In the present case plaintiff's counsel avers that defendant Matecki has failed to respond in any way to his requests for discovery, and there is no indication that plaintiff will ever be successful in obtaining discovery from plaintiff absent a court order.  In light of these circumstances, and to ensure that discovery is completed in this case, the court orders defendant Matecki to respond to plaintiff's requests for admissions, interrogatories and request for production of documents, sets one and two.    The court also orders defendant Matecki to confer with plaintiff's counsel in order to determine a mutually agreeable date for taking defendant Matecki's deposition.

Because defendant Matecki failed to respond to any of plaintiff's discovery requests, and plaintiff was forced to file the pending motion, reasonable expenses will be awarded.  Fed. R. Civ. P. 37(a)(4).  As previously noted, plaintiff's counsel states that he spent "ten hours preparing this motion" and requests that the court award him sanctions in the amount

---

[1]Plaintiff cites Aziz v. Wright, 34 F.3d 587 (8th Cir. 1994) for the contention that no motion to compel is required before a request for sanctions under Rule 37(d). In Aziz, the Eighth Circuit declined to affirm the circuit court's dismissal on the basis of Rule 37(d) and instead held that dismissal was appropriate pursuant to Federal Rule of Civil Procedure 41(b) because plaintiff Aziz disregarded the court's order allowing defendants to depose him. Aziz, 34 F.3d at 589.

of $2,500 (ten hours at $250 an hour).    The court has examined Judge Mueller's order in

Hubbard v. Twin Oaks, Civ. S-03-0725 LKK KJM, which plaintiff cites in support of his

contention that such an award is the "prevailing practice in the Eastern District."  In her decision,

Judge Mueller states that [u]nder the circumstances, attorney's fees for twelve hours of time....are

deemed reasonable.  (Hubbard v. Twin Oaks, Civ. S-03-0725 LKK KJM, doc. 29 at 2.)  The

circumstances in that instance apparently included a long dispute between counsel regarding

discovery, several meet and confer efforts and particularly egregious conduct by defense counsel.

( Id. docs. 29 and 40.)  In short, it is apparent that plaintiff's counsel expended a significant

amount of time attempting to obtain discovery in Hubbard v. Twin Oaks.

That is not the circumstance in the present case.  Here, plaintiff's counsel avers

that the $2,500 he requests stems from the ten hours he spent preparing this motion.  (Doc. 14 at

7.)  A review of plaintiff's filing in other cases reveals that the instant motion is a boilerplate

motion.[2]  It cannot have taken plaintiff's counsel more than thirty minutes to insert the facts of

the present case into his boilerplate sanction motion.  Although plaintiff did appear for hearing of

this motion on April 12, 2005, he was already present for hearing on two other motions that he

had filed with this court and discussion of this motion was limited to the court stating that it

would take the motion under advisement.    Under the circumstances here, an award of attorney's

fees appears reasonable and appropriate.  See Fed. R. Civ. P. Rule 37(a) (stating that the

expenses which may be ordered paid are limited to "the reasonable expenses incurred in

obtaining the order, including attorney's fees.")

The court next considers plaintiff's request that the court sanction defendant

Matecki by prohibiting him from testifying or introducing evidence at trial.  The evidence shows

that defendant Matecki has failed to respond to any of plaintiff's discovery requests and has

provided no justification for his failure to respond or for his failure to appear at his noticed

---

[2] Plaintiff filed an identical motion in White v. Eriks, et. al., Civ-S-04-0214 GEB CMK, doc. 10.)

deposition.  However, the evidence is not clear whether this failure is due to willfullness or defendant's inability as a pro se litigant to respond.  <u>See</u>, <u>e.g.</u>, <u>Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers</u>, 357 U.S. 197 (1958) (explaining that due process prohibits sanctioning a party, whose failure to comply with court order regarding discovery was due to inability and not willfulness, with the ultimate sanction of dismissal).  Discovery in this case is still in the early stages.  The discovery cut-off date is September 28, 2005.  In light of this, the court cannot conclude that prohibiting defendant from introducing any evidence or testifying at trial is an appropriate sanction.  <u>See</u>, <u>e.g.</u>, C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2283 at 604-606 (1994 & Supp. 2004) (noting the constitutional limitations on sanctions.); <u>see</u> also, <u>Dorsey v. Academy Moving & Storage, Inc.</u>, 423 F.2d 858, 860-61 (5th Cir. 1970) (stating that rule 37 is designed to empower court to compel evidence, but the court should not go beyond the necessities of the situation);   with at least five months left in the discovery process, plaintiff has plenty of time to obtain discovery from defendant Matecki.   Accordingly, plaintiff's request to sanction defendant Matecki by preventing him from testifying or introducing documentary evidence at trial is denied.

IT IS ORDERED THAT:

1.  Within twenty days from the date this order is filed, defendant Matecki shall admit or deny plaintiff's requests for admissions;

2.  Within twenty days from the date this order is filed, defendant Matecki shall provide substantive answers to plaintiff's interrogatories;

3.  Within twenty days from the date this order is filed, defendant Matecki shall contact the office of plaintiff's attorney to arrange a mutually agreeable date for deposing defendant Matecki.  Defendant Matecki is ordered to appear at deposition at the agreed upon date.

4.  Reasonable expenses are awarded to plaintiff against defendant Matecki in the amount of $500.00; defendant Matecki is directed to, within ten days of this order, remit this sum

to plaintiff's counsel at his address of record.

5. Failure to comply with this order may result in the imposition of additional sanctions against defendant Matecki.

DATED:   May 11, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE