IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DODSON

        Plaintiff,                        No. CIV S-04-1068 MCE CMK

    vs.

DOLLAR TREE STORES,
INC., et al.,

        Defendants.

                           /           FINDINGS AND RECOMMENDATIONS

        Plaintiff filed this action against defendants Dollar Tree Stores and Jason Matecki, alleging that she was discriminated against by encountering various architectural damages in violation of the ADA and California law.

        On April 12, 2005, the undersigned heard plaintiff's motion to compel sanctions for failure to respond to discovery requests against defendant Matecki. In light of defendant Matecki's pro se status, the undersigned issued an order on April 26, 2005 ordering defendant Matecki to show cause within fifteen days why sanctions should not be imposed for his failure to respond to discovery requests and to appear at his deposition. Defendant was warned that failure to respond to the court's order would result in the imposition of sanctions.

///

1    Defendant Matecki failed to respond to the order to show cause, and, on May 11, 2005, the undersigned filed an order directing defendant Jason Matecki to, within twenty days, admit or deny plaintiff's requests for admissions, provide substantive answers to plaintiff's interrogatories, and contact the office of plaintiff's attorney to arrange a mutually agreeable date for taking his deposition. The court also awarded plaintiff $500 for reasonable expenses incurred in preparing the motion for sanctions. Defendant was warned that failure to comply with the court's May 11, 2005 order could result in the imposition of additional sanctions.

   On May 17, 2005, defendant Matecki requested that the court allow him to obtain counsel. The undersigned filed an order advising plaintiff that he did not need leave of the court to hire an attorney and that his search for an attorney did not relieve him of the sanctions and deadlines imposed in the court's May 11, 2005 order. On June 2, 2005, plaintiff's counsel, by way of a letter, informed the court that defendant Matecki had failed to comply with the sanctions and deadlines imposed by the May 11, 2005 order. The undersigned therefore recommends the imposition of the following sanctions.

   Rule 37 allows the imposition of sanctions against a party for disregard of the obligations imposed by the discovery rules. Fed. R. Civ. P. 37(b), (c) and (d). "A party that, without substantial justification fails to disclose information required by Rule 26(e)(1)...is not...permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not disclosed." Fed. R. Civ. P. 37(c)(1). Here, Defendant Matecki has failed to respond to any of plaintiff's discovery requests. He has failed to respond to the court's order that he show cause justifying his failure to respond. In its May 11, 2005 order the undersigned noted that it was not clear whether defendant's failure to comply with plaintiff's discovery requests and the order to show cause was willful or due to defendant's inability as a pro se litigant to respond. However, in light of defendant Matecki's failure to comply with the deadlines and sanctions in the May 11, 2005 order, the undersigned finds that the failure to respond to discovery is willful.

///

The court is mindful that exclusion sanctions based on alleged discovery violations are generally improper absent undue prejudice to the opposing side. See Wendt v. Host Int'l Inc., 125 F.3d 806, 814 (9th Cir. 1997). A district court must determine whether a sanction is proper "under a five part test analyzing: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [party seeking sanctions]; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In Hamilton Copper & Steel Corp. v. Primary Steel, 898 F.2d 1428, 1429 (9th Cir. 1990), the court noted that the two factors which are decisive are the availability of less drastic sanctions and the lack of prejudice.

A weighing of the five factors supports the sanction of prohibiting defendant Matecki from introducing documentary evidence and from testifying at trial. 1) Defendant's repeated refusal to respond to discovery requests, appear for deposition and refusal to respond to orders of the court is interfering with the timely resolution of this litigation. 2) Defendant has willfully undertaken to manage this court's docket. 3) Plaintiff's have been prejudiced by having to file motions with the court to compel discovery and are left with no basis for a dialogue that might refine and move the discovery process along. 4) Precluding defendant Matecki from introducing evidence and testifying at trial would not necessarily preclude disposition of the case on its merits. ADA cases are generally driven by undisputed technical violations of the statute and do not often turn on factual disputes. Accordingly, the public policy favoring disposition of cases on their merits is not offended by precluding defendant Matecki from testifying or introducing evidence. As to the last factor, this court has considered the imposition of less drastic sanction. The imposition of monetary sanctions is apparently unavailing against this defendant. Defendant Matecki has been offered several chances to explain his failure to respond to discovery. Plaintiff has demonstrated, by his refusal to respond, that the imposition of less drastic sanctions make no impression upon him.

IT IS HEREBY RECOMMENDED that:

1. Defendant Matecki be prohibited from introducing evidence at trial; and

2. Defendant Matecki be prohibited from testifying on his own behalf at trial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 8, 2005.

CRAIG M. KELLISON  
UNITED STATES MAGISTRATE JUDGE

|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

        Plaintiff,                              No. CIV

  vs.

                                          <u>NOTICE OF SUBMISSION</u>

        Defendants.                     <u>OF DOCUMENTS</u>

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       ____ completed summons form

       ____ completed USM-285 forms

       ____ copies of the _____

                 Complaint/Amended Complaint

DATED:

                                             _____

                                             Plaintiff