UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT DODSON,

        Plaintiff,

   v.

DOLLAR TREE STORES, INC., dba
DOLLAR TREE #1203,

        Defendant.

NO. CIV. S 04-1068 MCE CMK

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiff Robert Dodson ("Dodson") brings this action against Defendant Dollar Tree Stores, Inc. ("Dollar Tree") alleging that Dollar Tree Store #1203 located at 5101 Fruitridge Road, Sacramento, California ("Store #1203") is in violation of California's Unruh Civil Rights Act, Cal. Civil Code §§ 51 et. seq. ("Unruh Act") and the Americans with Disabilities Act, 42 U.S.C. § 12188(a)(2) ("ADA").  He is seeking damages pursuant to the Unruh Act and injunctive relief pursuant to the ADA.  Dodson filed the instant suit against Dollar Tree on June 4, 2004, and now brings this motion for summary judgment, or in the

1

alternative, summary adjudication. For the reasons explained below, Dodson's motion is denied.[1]

**BACKGROUND**

Robert Dodson is a quadriplegic and requires the use of an electric wheelchair for mobility. This dispute arises out of Dodson's visits to Store #1203 during February of 2004 as well as July of 2005. During these visits, Plaintiff alleges he encountered architectural barriers that made it difficult or impossible for him to have full and equal access to the goods and services provided by Defendant. The difficulty in accessing Store #1203 is due to alleged defects in the entrance doors, the check stand and the exit door.

After his first visit to Store #1203, Dodson advanced a letter to the management of said store describing the afore mentioned barriers and requesting that they be remedied. On his subsequent visit to Store #1203, Dodson avers that none of the barriers he identified in his letter had been corrected. Plaintiff filed the instant law suit four months after his first visit and is seeking damages and injunctive relief under both state and federal law.

//
//
//

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); See also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts .... Where the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>Anderson</u>, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Under the ADA "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Unlawful discrimination exists when there is a "...failure to design and construct facilities ... that are readily accessible to and usable by persons with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements." 42 U.S.C. § 12183(a)(1).

Defendant Dollar Tree opposes Plaintiff's summary judgement motion on the ground that his allegations are without merit under

5

disability access requirements.  Defendant contends that Store #1203 is, in fact, compliant with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") as codified at 28 C.F.R. Pt. 36, Appendix A.  In reply, Plaintiff argues that Defendant has failed to raise any issue of material fact regarding the existence of barriers in Store #1203.  He avers that the sworn declarations submitted by Defendant are inadmissible and should, therefore, be disregarded by this Court.

In fact, Defendant submitted the sworn declarations of its Senior Project Manager, John Fox ("Fox") and its ADA accessibility expert, Kim Blackseth ("Blackseth").  Both Fox and Blackseth expressly and unequivocally contradict the facts presented by Plaintiff regarding Store #1203 and the existence of alleged architectural barriers.  Specifically, both Defendant's declarants claim that Store #1203 is ADA compliant.

As his main assignment of error, Plaintiff claims that both declarants fail to base their declarations on personal knowledge of the underlying facts.  Consequently, Plaintiff claims, both declarations should be disregarded by this Court in resolving the present summary judgment motion.

Plaintiff is correct that, as a general matter, if a party chooses to utilize a sworn statement in support or opposition of a summary judgment motion, that statement must be based on personal knowledge.  See Fed. R. Civ. P. 56(e); see also Columbia Pictures Indus., Inc. v. Prof. Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir. 1991).  Nonetheless, in certain limited circumstances, personal knowledge may be inferred from the content of a declaration.  See Barthelemy v. Air Lines Pilots

Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990)(CEO's personal knowledge of various corporate activities could be presumed by virtue of his position).

Fox's declaration plainly states that he is a Senior Project Manager for Dollar Tree and is largely responsible for ADA compliance. See Fox Decl. at ¶1 and ¶3. As the person charged with ADA compliance for Defendant, his personal knowledge can be inferred from the content of his declaration. Blackseth's declaration expressly establishes his personal knowledge of the structure and conditions in Store #1203 wherein he states that he "...personally inspected [Store #1203] for [ADA] compliance." Blackseth Decl. 2, ¶8. The Court is satisfied that both declarants have sufficient personal knowledge to meet the requirements of Rule 56(e).

Both Fox's and Blackseth's declarations unequivocally contradict Plaintiff's assertion that Store #1203 is not ADA compliant. The evidence presented by a party opposing a summary judgment motion is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. In drawing all reasonable inferences in favor of Defendant, the Court finds that sufficient issues of material fact exist to preclude summary judgment.

//
//
//
//
//
//

7

**CONCLUSION**

For the foregoing reasons, Plaintiff's summary judgment motion is DENIED.

IT IS SO ORDERED.

DATED: December 6, 2005

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MORRISON C. ENGLAND, JR
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE