UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT DODSON,

        Plaintiff,

   v.

DOLLAR TREE STORES, INC. dba,
DOLLAR TREE #1203, et al.

        Defendant.

2:04-cv-1068-MCE-CMK

MEMORANDUM AND ORDER

----oo0oo----

Through the present motion, Plaintiff Robert Dodson ("Dodson") seeks attorney's fees and litigation expenses pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), as a result of a favorable judgment by this Court on July 25, 2006.  Plaintiff requests $52,250.00 for fees incurred by various attorneys, $3,480.00 for paralegals, and $9,663.41 in costs and litigation expenses, for a total of $65,393.41.  Plaintiff further seeks a total of $1,095.15 pursuant to a Bill of Costs.

///

Defendant Dollar Tree ("Dollar Tree") opposes Plaintiff's requests, claiming that the fees, expenses, and costs sought are unwarranted, unreasonable, and, or, excessive.[1]

**BACKGROUND**

This dispute arises from Plaintiff's claim that he encountered various architectural barriers when attempting to visit Double Tree's 98 Cents 'n Deals Store at Sacramento, California. Plaintiff is a quadriplegic unable to walk, stand or use his arms. As a result, Plaintiff must use an electronic wheelchair when traveling about in public.

On June 28, 2006, a one-day court trial was held, which resulted in judgment in favor of Plaintiff. On July 25, 2006, the Court granted Plaintiff's injunctive relief on four of seven issues: 1) placement of the entry door's ISA sign; 2) provision of two handicapped-accessible checkstands; 3) Closure of the second primary entrance; and 4) fire exit requirements. On September 11, 2006, Plaintiff filed the instant motion seeking litigation expenses in the amount of $9,663.41, as well as attorneys' fees totaling $52,250,00 and paralegal fees in the amount of $3,480.00, itemized as follows:

```
Lynn Hubbard          55.65 hours at $300/hr
Adam Sorrells         63.15 hours at $250/hr
                       8.40 hours at $175/hr
Scott Hubbard         24.10 hours at $175/hr
Mark Emmett           70.40 hours at $200/hr
Paralegals            46.60 hours at $75/hr
```

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Additionally, as stated above, Plaintiff further requested taxable costs in the amount of $1,095.15 pursuant to a Bill of Costs.

**STANDARD**

Plaintiff's Complaint alleged violations of federal and California law.  Plaintiff's federal claim arose under the ADA, while her state law claims arose under the California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code § 54-55.

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  A prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002), quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party.  Id.

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees."  Cal. Civ. Code § 55.

///
///

1  Also, under California Health & Safety Code § 19953, "[a]ny
2  person who is aggrieved or potentially aggrieved by a violation
3  of this part . . . may bring an action to enjoin the violation.
4  The prevailing party in the action shall be entitled to recover
5  reasonable attorney's fees."

**ANALYSIS**

9   Dollar Tree first asks the Court to follow the Central
10 District's recent decision in Doran v. Del Taco, Inc., 373 F.
11 Supp. 2d 1028 (C.D. Cal. 2005), which denied attorneys' fees in
12 an ADA case where the plaintiff had neither provided
13 pre-litigation notice of his intent to sue nor afforded the
14 defendant, prior to suit, a reasonable opportunity to cure any
15 alleged violations.  As even the Doran court recognized, however,
16 there is no Ninth Circuit precedent requiring an ADA plaintiff to
17 provide notice before filing suit.  Id. at 1031.  Indeed, in
18 Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir.
19 2000), the Ninth Circuit held squarely to the contrary.
20 Moreover, as Doran further concedes, repeated efforts by Congress
21 to amend the ADA to provide pre-suit notice have uniformly
22 failed.  Id.  Consequently, even assuming Plaintiff failed to
23 provide Dollar Tree with adequate notice of its ADA shortcomings
24 before instituting this lawsuit, the Court declines to rely on
25 the reasoning of Doran in altogether denying Plaintiff's instant
26 request for fees or expenses.
27 ///
28 ///

This Court must therefore determine the extent to which attorneys' fees and litigation expenses are recoverable. In making that assessment, the Court must identify the applicable "lodestar" for calculating attorneys' fees. Under the lodestar method, a court multiplies the number of hours the prevailing attorney reasonably expended on the litigation by a reasonable hourly rate. See Hensley, 461 U.S. at 433; see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other aspects of the case. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Serrano v. Priest, 20 Cal. 3d 25 (1977). That adjustment can go either upwards or downwards depending on the circumstances present. Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Turning first to the number of hours reasonably billed, the Court finds that the amount claimed by Plaintiff for certain tasks are unreasonable and must be adjusted accordingly. Plaintiff's counsel has filed literally hundreds of ADA lawsuits similar to this one. Those cases share similar pleadings, discovery requests and motions. Certain documents generated in this matter, such as the Complaint and discovery requests, are almost identical to those generated in other cases, and the reasonable fee claimed by Plaintiff's counsel in performing those tasks must therefore be reduced.

///
///
///

After analyzing the billing entries generated by Plaintiff's counsel, the Court will strike from the award the 1.7 hours Lynn Hubbard billed for drafting the Complaint, the 2.0 hours Scott Hubbard billed for drafting Plaintiff's Request for Admissions, and the 2.0 hours Scott Hubbard billed for drafting Plaintiff's Request for Production of Documents.

Even more significant than the fees generated by Plaintiff's Complaint and discovery requests were fees incurred in drafting Plaintiff's Motion for Summary Judgment. After analyzing the Plaintiff's billing entries, the Court identified 24.1 hours credited to the time spent on Plaintiff's Motion for Summary Judgment. The 24.1 hours credited is highly dubious since the motion here is nearly identical to the unsuccessful Motion for Summary Judgment filed by Plaintiff's attorneys in <u>Jones v. Dollar Tree</u>, Case No. 2:04-cv-2002-MCE-KJM (December 2005). As such, the Court supports Defendant's recommendation that fifty percent of the hours spent on the motion should only be compensated. Accordingly, Lynn Hubbard's compensation for time spent on the Plaintiff's Motion for Summary Judgment will be reduced to 12.05 hours.

Another general classification of fees sought by Plaintiff will also not be permitted. Plaintiff seeks compensation for 8.4 hours of travel time by Adam Sorrells to Sacramento from Chico. This is despite the fact that Plaintiff's counsel, Adam Sorrells, has a history of working with Lynn Hubbard's Chico-based law firm in filing similar ADA cases in the Sacramento Division of the Eastern District.

///

No evidence has been presented suggesting that Plaintiff's counsel tries more cases in Chico than in Sacramento, or that Plaintiff's counsel maintains offices outside the Sacramento area for any reason other than his own convenience. Assuming Sorrells charges his regular paying clients for travel time, this does not justify shifting these expenses to Dollar Tree since a paying client can negotiate travel expenses in advance. <u>Martinez v. Longs Drugs Stores, Inc.</u>, No. 2:03-cv-1843-DFL-CMK, 2005 WL 3287233 at *5 (E.D. Cal. Nov. 28, 2005). More specifically, Dollar Tree did not have a paying client's choice of seeking other representation if travel expenses were deemed too costly. Consequently, Dollar Tree should not be required to shoulder Sorrells' travel expenses to Sacramento, and as such, will not be compensated for the 8.4 hours of travel time.

Finally, Defendant asserts that $921.50 should be disallowed from Plaintiff's attorney's fees attributed to clerical work. Upon reviewing counsel's billing entries, the work deemed by Defendant to constitute overhead was performed by paralegals; thus, Defendant argues that certain paralegal costs should be disallowed because they were "clerical/secretarial" in nature. Although secretarial costs are deemed by courts within this Circuit to constitute overhead, the Court will permit recovery of time expended by paralegals. (<u>See</u> <u>Shaffer v. Superior Court</u>, 33 Cal. App. 4th 993 (1995)). Defendant failed to demonstrate, however, that the tasks represented by the billing entries in question were not properly performed by paralegals. Accordingly, the Court will require Defendant to reimburse Plaintiff for paralegal services.

7

The above analysis all pertains to the reasonableness of the number of hours for which compensation is sought. The second step of the lodestar analysis requires that the rate sought to be charged per hour also be reasonable. Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento Division. Gates v. Deukmejian, 987 F.2d 1392, 1405 (1993); Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), *cert. denied* 502 U.S. 899 (1991).

The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11. A court will normally deem a rate determined this way to be reasonable. Id.

Previously in White v. Save Mart Supermarkets, the Court awarded the Plaintiff's attorney, Lynn Hubbard, $250.00 per hour, limited associate attorney compensation to $150.00 per hour and confined paralegal services to $75.00 per hour in cases of this nature. No. 2:03-cv-2402-MCE-KJM, 2005 WL 2675040, at *3 (E.D. Cal. Oct. 20, 2005).

///
///
///
///

8

Consequently, after deducting the unreasonable hours expended in this matter and adjusting the hourly rate, Lynn Hubbard's compensation should be reduced from $16,695 to $10,475, Adam Sorrells' compensation should be reduced from $17,257.50 to $15,787.50, Scott Hubbard's compensation should be reduced from $4,217.50 to $3,015.00, and Mark Emmett's compensation should be reduced from $14,080.00 to $10,560.00.

As outlined above, after adjusting for reasonable attorney rates and for reasonable hours expended, a lodestar figure for professional fees in this matter is calculated to be $43,317.50. However, Dollar Tree further claims that Plaintiff's attorney fees should be reduced to reflect the fact that Plaintiff ultimately prevailed on only four of seven issues.  In assessing whether the lodestar figure should be adjusted, the Court must consider the extent to which Plaintiff prevailed on the demands presented, especially if she did not succeed on such demands in their entirety.  Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901 (9th Cir. 1995).  In cases achieving partial success, courts must follow a two-part analysis in deciding whether to reduce an attorneys' fee award:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims.  If unrelated, the final fee award may not include time expended on the unsuccessful claims.  If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'  If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only partial or limited success' was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.

Id. at 901-02.

9

1 In determining whether the unsuccessful and successful claims are
2 related,

> ...the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised. Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same course of conduct.

Id. at 903, quoting Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986). If a court finds the unsuccessful claims to be unrelated to the successful claims, it may either attempt to identify specific hours that should be eliminated or simply reduce the award to account for the limited success. Id. at 904.

In the present matter, the Court finds it appropriate to reduce the lodestar figure based on Plaintiff's limited success. Plaintiff succeeded on four of seven claims, in which the remaining three claims were not related to the successful four claims, since each was a distinct alleged violation requiring separate evidence. See White v. GMRI, 2:04-cv-0465-DFL-CMK slip op. at 11-12 (E.D. Cal. Aug. 19,2005)(finding that "alleged violations are premised on different facts and require the application of different sections of the ADA Accessibility Guidelines to determine liability"). The facts and evidence needed for claims pertaining to the pressure required to open the front door, for example, are completely separate from claims relating to handicapped-accessible checkstands, or to claims relating to the entry door's ISA sign.

///
///
///

Because it is impossible to apportion attorneys' fees between the unsuccessful claims from the successful claims with any degree of certainty, the Court reduces Plaintiff's award of attorneys' fees by 3/7, or forty three percent, to account for his limited success. Forty three percent of the $43,317.50 lodestar is $18,626.52. Total fees awarded for Plaintiff's claimed attorney fees will thus be $24,690.98.

Lastly, Plaintiff may recover, as part of the award of his fees in this matter, litigation expenses pursuant to 42 U.S.C § 2205. The term "litigation expenses" in Section 12205 has been interpreted to include "the same out-of-pocket expenses that are recoverable under 42 U.S.C. § 1988." Robbins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996). Under Section 1988, Plaintiff recover those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).

Plaintiff seeks a total of $9,663.41 in litigation expenses. Of that amount, Defendant contests $7,442.50 sought for expert fees and costs submitted by Plaintiff's expert, Joe Card. Specifically, Defendant claims that Mr. Card's charges relating to travel and inspection should be reduced by 50% because a similar inspection was conducted in Jones v. Ralph's. 2:04-cv-2002-MCE-KJM (E.D. Cal. Nov. 17, 2006). However, Plaintiff fails to address the fact that the Dollar Trees in Jones and in this matter are in different locations. Thus, the Court does not find an issue of double billing in regards to Mr. Card's work. Consequently, the Plaintiff will be awarded the full amount sought for Mr. Card's services.

11

Defendant further asserts that certain litigation expenses amounting to $932.15 should be disallowed because they were also included in the Bill of Costs.[2] The Court found that Plaintiff has double billed for the aforementioned items. However, the Court will only disallow $569.15 from the $932.15 requested because the expenses relating to the rental of audio-visual equipment is an appropriate litigation expense.[3]

## CONCLUSION

Based on the foregoing, Plaintiff is entitled to reasonable attorneys' fees in the amount of $24,690.98 and reasonable litigation expenses in the amount of $9,094.26 for a total of $33,785.24. Additionally, the Plaintiff is entitled to $732.15 in taxable costs pursuant to her Bill of Costs.

IT IS SO ORDERED.

DATED: December 13, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Specifically, the costs at issue include: fee for subpoena of building records, fee for subpoena of records, costs for creating trial binders and exhibits, and the rental cost for audio visual equipment for the PowerPoint presentation at trial.

[3] As such, $363 will be disallowed from the Bill of Costs for expenses relating to the audio-visual equipment. Thus the Bill of Costs will be reduced to $732.15 from the $1,095.15 requested.

12